| | |
|---|---|
| ROBERT HATCHER, Booking #19705701,<br><br>                           Plaintiff,<br><br>vs.<br><br>OLIVA AURTHUR; MICHELLE OBAMA; ANGELA K. AURTHUR; PHILLIPPIAN WOMAN,<br><br>                           Defendants. | Case No.: 3:19-cv-00615-LAB-WVG<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR LEGAL FUNDS AS BARRED BY 28 U.S.C. § 1915(g) [ECF Nos. 2, 4]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

    Plaintiff, Robert Hatcher, while in custody at the San Diego Central Jail, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983 on April 1, 2019, followed by an Amended Complaint on April 30, 2019. *See* ECF Nos. 1, 7.

    While far from clear, Plaintiff claims in both pleadings to be a Native American, alleges he has been "stalked" while in Carlsbad and Oceanside, California, and to have

1

3:19-cv-00615-LAB-WVG

been the victim of "murder plots" across state lines hatched by former First Lady Michelle Obama and private citizens residing in Los Angeles County, Indianapolis, and Springfield, Illinois, dating back to the 1990s. *See* Compl., ECF No. 1 at 1-2; Amend. Compl., ECF No. 7 at 1-4.

Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2), as well as a document entitled "Request for Legal Funds for Phone Pre-Paid Cards, Legal Suppl[ies] that the Jail Do[es] Not Have, also Investigator for Interviews, Pictures Tak[e]n, [and] Legal Runner Trips" (ECF No. 4).

## I. Motion to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face … additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful

suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.  <u>Discussion</u>

As an initial matter, the Court has carefully reviewed both of Plaintiff's Complaints and has ascertained that neither contain "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff alleges he has been the victim of a decades-old campaign hatched by private individuals and the former First Lady of the United States, to stalk and spy on him "across state lines" on

Greyhound buses, Coaster and Metro trains, in a Oceanside Best Western hotel lobby, and once "at a factory when [he] was working at a temp job" in Cincinnati, Ohio. *See* Amend. Compl., ECF No. 7 at 1-4. Even if such claims were plausible, however, § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Therefore, this Court takes judicial notice of its own records and finds that Plaintiff Robert Hatcher, aka Robert L. Jackson, *see* ECF No. 7 at 3, currently identified as San Diego County Sheriff's Department Inmate Booking No. 19705701, and while incarcerated, has filed at least three prior civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

1) *Hatcher v. Aurthur, et al.*, Civil Case No. 3:18-cv-00491-LAB-KSC (S.D. Cal. Mar. 31, 2018) (Order Denying Motion to Proceed IFP and Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)) (ECF No. 3) (strike one);

2) *Hatcher v. Monahan*, Civil Case No. 3:18-cv-00492-CAB-KSC (S.D. Cal. April 5, 2018 Order Granting Motions to Proceed IFP and Dismissing Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (ECF No. 12); (S. D. Cal., June 14, 2018 Order Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and for Failing to Prosecute in Compliance with Court Order requiring Amendment) (ECF No. 17) (strike two)[1]; and

3) *Hatcher v. Dr. Blake, et al.*, Civil Case No. 3:18-cv-00561-MMA-MDD (S.D. Cal. May 17, 2018) (Order Granting Motion to Proceed IFP and Dismissing Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)) (ECF No. 8); (SD. Cal. July 17, 2018 Order Dismissing Civil Action for Failing to State a Claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and for Failing to Prosecute in Compliance with Court Order requiring Amendment) (ECF No. 10) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least the three "strikes" permitted pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

---

[1] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

5

### III. Sua Sponte Screening per 28 U.S.C. § 1915(e)

In addition, while the Court would ordinarily grant Plaintiff leave to pay the civil filing fee in order to proceed, it instead finds it appropriate to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2) because at the time of filing Plaintiff was, and remains, "incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing 28 U.S.C. § 1915(h), 1915A(c); 42 U.S.C. § 1997e(h)).

#### A. Standard of Review

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] ... is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014).

Here, Plaintiff seeks to bring civil rights claims pursuant to 42 U.S.C. § 1983 against private citizens and the former First Lady. *See* ECF No. 1 at 1-2; ECF No. 7 at 1-2. He does not seek redress from or name current governmental actors as Defendants. *Id.* at 1-2. Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review … for all complaints 'in which a prisoner seeks relief from a governmental entity…'") (quoting § 1915A(a)); *see also Thompson v. Hicks,* 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

However, because Plaintiff has filed a motion requesting leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), his Complaint *is* still subject to a sua sponte review, and

mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted.").

### B. Plaintiff's Allegations

As noted above, Plaintiff claims he is a Native American, and he seeks to bring this civil rights action pursuant to 42 U.S.C. § 1983 against private citizens and the former First Lady of the United States based on claims that they have been spying on him for decades and have "illegal[ly] stalk[ed] [him] across state lines." *See* ECF No. 1 at 1-2, 4; ECF No. 7 at 1-4.

### C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

None of the Defendants are alleged to be state actors, none are alleged to have violated any of Plaintiff's constitutional rights, and his factual allegations are plainly frivolous. *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) ("An in forma pauperis complaint is frivolous if it has no arguable basis in fact or law." (citation and internal quotation marks omitted). A pleading is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S.

25, 25-26 (1992). Section 1915 gives courts "the unusual power to pierce the veil" of a Complaint like Plaintiff's and to "dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton*, 504 U.S. at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327, 328).

While conclusory, disjointed, and incoherent, Plaintiff's suit clearly has no basis in law, and his claims appear grounded in delusion, are facially irrational, and wholly incredible. Therefore, both his original and his amended complaints demand sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). *See Denton*, 504 U.S. at 25-26; *Neitzke*, 490 U.S. at 324; *see also Suess v. Obama,* 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing as frivolous complaint alleging conspiracy among President, CIA, and FBI to torment plaintiff over six year period); *Frost v. Vasan,* No. 16-CV-05883 NC, 2017 WL 2081094, at *1 (N.D. Cal. May 15, 2017) (dismissing as frivolous claims against a United States Senator, a university, two corporate entities, and additional unspecified defendants for having allegedly conspired with a secret elite group of businessmen and the CIA to torment him); *Sierra v. Moon*, 2012 WL 423483, at *2 (E.D. Cal. Feb. 8, 2012) (dismissing as frivolous an alleged conspiracy by defendants with ex-military and CIA to defraud plaintiffs' interests and murder him); *Demos v. United States*, 2010 WL 4007527, at *2 (D. Ore. Oct. 8, 2010) (dismissing as frivolous complaint alleging plaintiff was captured by pirates disguised as law enforcement officers); *Reid v. Mabus*, 2015 WL 9855875, at *1 (D. Ore. Nov. 16, 2015) (dismissing complaint alleging a massive conspiracy targeting 300,000 individuals with "electronic harassment").

If a Plaintiff's claims are frivolous, "there is by definition no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

///

///

## IV. Conclusion and Order

For the reasons explained, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) and his Request for Legal Funds (ECF No. 4) as barred by 28 U.S.C. § 1915(g);

(2) **DISMISSES** this civil action sua sponte for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a) and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

(3) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4) **DIRECTS** the Clerk of Court to enter a judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: May 21, 2019

*[signature]*
Hon. Larry Alan Burns
Chief United States District Judge